# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON FOLTZ,

                Plaintiff,              CASE NO. 18-13882
                                                     HON. DENISE PAGE HOOD

v.

UAW LOCAL 1264,
FIAT CHRYSLER AMERICA,

                Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#16]

### I.    BACKGROUND

On December 13, 2018, Plaintiff Jason Foltz ("Foltz") filed a *pro se* complaint against Defendants UAW Local 1264 ("UAW") and Fiat Chrysler America ("FCA") (collectively, "Defendants") alleging retaliation under the Americans with Disabilities Act of 1990 ("ADA"). (Doc # 1) On February 19, 2019, UAW filed a Motion for Judgment on the Pleadings. (Doc # 16) Foltz filed a Response on March 1, 2019. (Doc # 19) UAW filed its Reply on March 14, 2019. (Doc # 20) This Motion is currently before the Court and a hearing on this Motion was held on May 8, 2019.

The facts as alleged in the Complaint are as follows. Foltz is an employee of FCA and a member of UAW. (Doc # 1, Pg ID 6) He began working for FCA in May 1996, and has been a Technical Specialist at its Trenton Engine South Plant since September 27, 2010. (*Id.*) On January 11, 2011, Foltz was forced out of work on a sickness and accident disability by FCA. (*Id.* at 6.) After this incident occurred, Foltz filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against FCA under the ADA in 2011. (*Id.* at 6, 13.) This charge was resolved on July 12, 2012 when the EEOC issued Foltz a "Conciliation Failure" Notice of Right to Sue Letter. (*Id.*)

FCA eliminated its Technical Specialist positions in November 2011 following the implementation of a Collective Bargaining Agreement between FCA and UAW. (*Id.* at 7.) The elimination of the Technical Specialist positions directly affected 37 of FCA's employees. (*Id.* at 6.) The 37 FCA Technical Specialists were given two options on an election form regarding how they could proceed after their positions were eliminated: (1) enter an apprenticeship program; or (2) return to a non-skilled position with a lower pay rate. (*Id.* at 6.) Foltz chose to enter the apprentice program and signed the election form on July 18, 2013. (*Id.* at 19.) Foltz subsequently completed the apprentice program and became a Journeyman Pipefitter at FCA. (*Id.* at 19, 21.)

2

Foltz's election form stated that after he completed his apprenticeship, his seniority date would be the date on which he became a Technical Specialist. (*Id.*) According to Foltz, his seniority date that he was given following the completion of his apprenticeship did not reflect the agreed upon date that was listed on his election form. (Doc # 19, Pg ID 100) 14 out of 43 pipefitters' seniority dates were incorrect, which was significant because it affected employees' overtime and shift choices. (Doc # 1, Pg ID 7) On March 8, 2018, Foltz filed a grievance pertaining to his seniority date, but UAW withdrew his grievance on April 13, 2018. (*Id.* at 17.)

On May 8, 2018, Foltz filed an EEOC retaliation charge against FCA under the ADA and claimed that his seniority status was negatively affected because of the EEOC charge that he filed in 2011. (*Id.* at 21.) Foltz also filed an EEOC retaliation charge under the ADA against UAW on October 17, 2018. (*Id.* at 16.) Foltz alleged that UAW did not reopen or properly investigate his grievance that he filed in March 2018 in retaliation for the EEOC charges that he filed against FCA. (*Id.*)

Foltz filed his Complaint against FCA and UAW for unlawful retaliation under the ADA. As he did in his EEOC charges, Foltz alleges that FCA amended his seniority status because he previously filed an EEOC claim against it in 2011. (Doc # 1) Further, Foltz asserts that UAW failed to adequately investigate his grievance, which he attributes to his 2011 and 2018 EEOC charges against FCA. (*Id.*) Foltz argues that Defendants' actions have resulted in him having to deal with

various unfavorable personal and physical issues. (*Id.* at 10.) Foltz additionally contends that his participation in the aforementioned EEOC investigations against Defendants have caused him to be excluded from advancing within FCA, even though he is more qualified than other employees. (*Id.*)

## II. ANALYSIS

### A. Standards of Review

#### 1. Rule 12(c)

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgement on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

### 2. *Pro Se* Litigants

Pleadings drafted by *pro se* litigants are held to a less stringent standard than formal pleadings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court will liberally construe a *pro se* complaint to determine whether it fails to

5

state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the "duty to be less stringent with *pro se* complaint[s] does not require [a] court to conjure up unplead allegations." *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). Accordingly, the Court liberally construes Foltz's allegations without creating new ones for him. *See id.*

**B. Defendant's Motion for Judgment on the Pleadings**

The ADA's retaliation provision makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

To establish a *prima facie* case of retaliation under the ADA, the plaintiff must show that: (1) she engaged in activity protected by the ADA; (2) the defendant knew of this exercise of plaintiff's protected rights; (3) the defendant subsequently took an employment action adverse to plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hurtt v. Int'l Servs., Inc.*, 627 F. App'x 414, 422 (6th Cir. 2015) (citation omitted). "The required causal connection is a 'but for' relationship." *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 318 (6th Cir.2012). "If the plaintiff establishes a *prima facie* case of

6

retaliation, the burden shifts to the defendant to establish a legitimate, nondiscriminatory reason for the adverse employment action." *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir.1997). The plaintiff bears the burden of proving that the defendant's "proffered reason for the action was merely a pretext for discrimination." *Id.* (citation omitted).

In the present case, UAW concedes that the first and third elements needed to establish a *prima facie* case are satisfied. The first element was met because Foltz engaged in a protected activity when he filed the EEOC charges against FCA. The third element has been established since UAW allegedly failed to reopen or properly investigate Foltz's grievance. However, UAW argues that Foltz cannot demonstrate that the second and fourth elements have been met. As to the second element, whether UAW had knowledge of Foltz's protected activity, UAW argues that Foltz's Complaint is "devoid of any allegations that state, or create any inference that the UAW had knowledge of the EEOC charges against FCA." (Doc # 16, Pg ID 89) In regard to the fourth element, whether there was a causal connection between the protected activity and the adverse employment action, UAW contends that Foltz has not set forth a plausible factual showing that UAW's alleged mishandling of his grievance was either caused or motivated by Foltz's EEOC charges filed against FCA.

In response, Foltz argues that he demonstrated in his Complaint that the second and fourth elements of the *prima facie* case have been met. Foltz asserts that the second element has been satisfied as he has provided the Court with an email exchange (Doc # 19-1) between him and UAW that proves that UAW knew about the EEOC charges that were filed against FCA. Further, Foltz claims that the fourth element has been met because the grievance procedure did not address Foltz's concerns. (Doc # 19, Pg ID 101-102) Foltz argues that UAW's alleged defective grievance constitutes a causal connection between his protected activity and the adverse employment action taken against him.

The Court finds that while the second element of Foltz's *prima facie* case has been satisfied, the fourth element has not been supported by sufficient evidence to survive this Motion. Foltz has shown sufficient evidence that the second element has been met because of an email chain that put UAW on notice about his 2011 EEOC charge.[1] In the email thread between Foltz and Joe Ferro ("Ferro"), a UAW representative, Ferro, sent an email to Foltz indicating that he received Foltz's EEOC answer. This statement is sufficient for purposes of the second element since it demonstrates that UAW had knowledge of the EEOC charge filed by Foltz. The email exchange however only proves that UAW had knowledge about the 2011

---

[1] The Court's consideration of the email exchange will not convert the instant Motion into a Motion for Summary Judgment because it was loosely referenced in Foltz's Complaint. (Doc # 1, Pg ID 9, ¶ 37)

EEOC charge since Foltz's 2018 EEOC charge against FCA was filed after Ferro sent the aforementioned email to Foltz.

The fourth element has not been met since Foltz has not proven that there was a causal connection between the filing of his 2011 EEOC charge and UAW allegedly not reopening or properly investigating his grievance. A plaintiff's burden is "minimal at the *prima facie* stage, requiring merely that they 'put forth some evidence to deduce a causal connection between the retaliatory action and the protected activity.'" *A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 699 (6th Cir. 2013) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000)). The evidence must, however, be sufficient to allow for an inference that the adverse employment action would not have occurred if plaintiff had not engaged in the protected activity. *A.C. ex rel. J.C.*, 711 F.3d at 699. In short, the protected activity must have been a "but for" cause of the adverse employment action.

Foltz has not presented the Court with any facts that demonstrate that if he did not file the 2011 EEOC charge, UAW would not have inadequately pursued his grievance. Foltz's only argument to the contrary is that the grievance procedure was not satisfactorily conducted because UAW did not address his concerns mentioned in his grievance. This argument is insufficient to make out the fourth element of Foltz's *prima facie* case. Even after liberally construing the facts, the Court finds that there is no support for the argument that Foltz's 2011 EEOC charge led to UAW

neglecting to reopen or properly investigate his grievance. Consequently, the Court grants UAW's instant Motion.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant UAW Local 1264's Motion for Judgment on the Pleadings (Doc # 16) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant UAW Local 1264 is **DISMISSED** from this action.

s/Denise Page Hood<br>United States District Court Judge

DATED: August 21, 2019