UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FOLTZ,

       Plaintiff,

v.

UAW, *et al.*,

       Defendants.
_____/

Case No. 2:18-cv-13882
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANT FCA'S MOTION TO COMPEL DISCOVERY RESPONSES (ECF NO. 32)

This case was filed almost exactly one year ago. Plaintiff is *in pro per*. The discovery deadline is December 20, 2019. (ECF No. 24.) On September 25, 2019, Defendant FCA US LLC (FCA) served its first set of interrogatories and first request for production of documents upon Plaintiff. (ECF No. 32, PageID.207-208.) Responses were due on or before October 25, 2019, although the parties stipulated to a seven day extension, making the responses due by November 1, 2019. (ECF No. 32, PageID.208.) To date, Plaintiff has failed to respond to the outstanding discovery requests. In response to a November 6, 2019 email from defense counsel inquiring as to the unanswered discovery, Plaintiff simply stated, "I have read [the] email and will address issues[.]" (ECF No. 32-5, PageID.252.) In response to a November 8, 2019 email from FCA's counsel requesting consent

for a motion to compel discovery, Plaintiff stated, in pertinent part, "I cannot consent to such a motion. *** I am working on gathering paperwork of [sic] your request." (ECF No. 32-6, PageID.254.) In his December 3, 2019 response to the instant motion compelling discovery, Plaintiff does not deny owing the discovery at issue, but states that he "is working on the first set of interrogatories and production of documents" and "is researching [the] proper way to object to request of personal information not related to the litigation of retaliation of EEOC investigation." (ECF No. 33, PageID.262.) He also claims that he "is now experiencing emotional burn out and financial strains" and is "overwhelmed by this years employment events[,]" citing to his pending motion to supplement pleadings. (*Id.*, citing ECF No. 25.) He asks the Court to extend the discovery period by 30 days after the Court rules on his pending motion to supplement. (ECF No. 33, PageID.262.) However, neither this motion, nor the orders of reference for this motion or the motion for leave to supplement, request or authorize me to extend discovery. (ECF Nos. 32, 28, 34.)

In substance, the instant motion is unopposed. It is undisputed and indisputable that Plaintiff's discovery responses are overdue. Untimely objections are also deemed waived, and the Court sees no basis for excusing the failure to raise them in a timely fashion. Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(C); *see also, e.g., Happy's Pizza Franchise, LLC v. Papa's Pizza, Inc.*, No. 10-CV-15174, 2012

WL 5503823, at *1 (E.D. Mich. Nov. 13, 2012) (holding that objections to requests for document production were waived because they were served two months late). Plaintiff has had nearly 2½ months to respond to the interrogatories and document requests. The discovery deadline is quickly approaching. Accordingly, the motion is hereby **GRANTED** and Plaintiff is ordered to: (1) serve complete, signed responses to FCA's first set of interrogatories (under oath and notarized or by declaration in compliance with 28 U.S.C. § 1746) and FCA's first request for production of documents, both without objection; and (2) complete and execute the medical, employment, social welfare and income tax authorizations that were attached to FCA's discovery requests. Plaintiff must comply with the directives of this order **on or before December 19, 2019 at 10 a.m.** To the extent that Plaintiff alludes to a current or possible future objection to producing "personal information not related to the litigation of retaliation of EEOC investigation" (ECF No. 33, PageID 262), his objection is **OVERRULED**, first because it has been waived, and second because it is vague, failing to identify what the personal information is or why it is unrelated to this litigation.

Finally, FCA's request for an award of costs and/or attorney fees in connection with the filing of this motion is **DENIED without prejudice** because FCA's statement under Local Rule 7.1(a) is not fully compliant. A request for costs and expenses, including attorney's fees, associated with this motion may be

3

renewed in the event that Plaintiff fails to comply with this order, along with sworn support.  <u>Plaintiff is hereby warned that failure to comply with this order may result in one or more of the sanctions specified in Fed. R. Civ. P. 37(b)(2), up to and including dismissal of this action with prejudice and contempt of court.</u>

    **IT IS SO ORDERED.**

Dated: December 11, 2019        s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE